IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel A. Berger,                               :
                        Appellant               :
                                                :
            v.                                  :       No. 1836 C.D. 2019
                                                :       Argued:  February 3, 2026
City of Philadelphia Bureau of                  :
Administrative Adjudication                     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STELLA M. TSAI, Judge

OPINION BY
PRESIDENT JUDGE COHN JUBELIRER                  FILED:  April 30, 2026


        Daniel A. Berger (Berger) appeals from the November 14, 2019 Order of the
Court of Common Pleas of Philadelphia County (common pleas) that denied
Berger's appeal from a decision of the City of Philadelphia (City) Bureau of
Administrative Adjudication (BAA), which, after a hearing, denied Berger's request
for the return of his impounded vehicle without charge.  The City's Parking
Authority (Authority) towed and impounded Berger's vehicle following Berger's
non-payment of four parking tickets for which he had been found liable.  On appeal,
Berger argues common pleas erred in upholding the BAA's Decision because that
decision was contrary to law, not supported by substantial evidence, and was the
result of a violation of his constitutional due process rights.  After careful review,
we agree with Berger that his due process rights were violated during the BAA
proceedings in part, and, therefore, we affirm common pleas' Order in part, vacate
that Order in part, and remand for a new proceeding before the BAA.

# I. BACKGROUND

## A. Proceedings Before the BAA

Berger, a licensed attorney, received four parking tickets from the Authority between January and July 2018 for illegally parking in the City. (Common Pleas' Opinion (Op.) at 1.) Berger did not pay the tickets, contesting each to the BAA. Following review by a hearing examiner of the tickets and online testimony provided by Berger, the BAA notified Berger that he presented insufficient evidence to warrant the dismissal of the tickets and that he was liable for $164.00 in fines. (*Id.*; Original Record (O.R.) at 28.[1]) The BAA informed Berger of his right to appeal the determination. (O.R. at 28.) Berger did not appeal or pay the tickets. On December

---

[1] For ease of review, the Court refers to the electronic pagination of the Original Record.

Berger submitted a Supplemental Record with common pleas containing filings from other cases related to the vehicle that, he believes, are relevant to the matter presently before the Court. Common pleas thereafter filed the Supplemental Record with this Court. By Order dated October 30, 2024, this Court granted in part and denied in part Berger's "First Application to Answer Questions as to the Form and Content of the Record Pursuant to Pa.R.A.P. 1926(d)" (First Application), and stating, relevantly, that the Court "confirm[ed] that [common pleas] transmitted to the Court a Supplemental Record" but would "not, however, confirm that the contents of the Supplemental Record are part of the Original Record for the matter appearing in [common pleas] at Docket No. 04134." (Order, 10/30/2024.) As noted in this Order, common pleas considered the record certified to it by the BAA to be complete, and that record did not include the documents contained in the Supplemental Record. (*Id.*) Finally, the October 30, 2024 Order observed that Pa.R.A.P. 1926(b) provides methods by which an original record may be supplemented, "none of which [Berger] appears to have availed himself." (*Id.*) Therefore, we are constrained not to consider any items in the Supplemental Record that were not included in common pleas' Original Record related to Berger's appeal from the BAA's March 29, 2019 Decision. *See* Pennsylvania Rule of Appellate Procedure 1921, Pa.R.A.P. 1921 (stating "the record on appeal" includes "[t]he original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court"); *McClain v. Del. Cnty. Tax Claim Bureau*, 344 A.3d 1149, 1156 n.8 (Pa. Cmwlth. 2025); *City of Philadelphia v. Leverett*, 324 A.3d 703, 708 (Pa. Cmwlth. 2024); *Commonwealth v. Dunn* (Pa. Cmwlth., No. 248 C.D. 2013, filed Oct. 17, 2013), slip op. at 6 (holding that evidence discovered in other proceedings is not part of the certified record and cannot be considered in an appeal).

8, 2018, the Authority towed Berger's vehicle based on the non-payment of the four tickets. (Common Pleas' Op. at 1.) The Authority advised Berger of his ability to recover the vehicle subject to the payment of towing and storage fees and that if Berger failed to recover his vehicle by December 24, 2018, the Authority would seek to auction the vehicle on January 10, 2019. (*Id.* at 1-2.) Berger did not pay the fees or request an administrative hearing. (*Id.* at 2.)

The Authority followed through with its warning, filing a petition for permission to sell the vehicle with common pleas on December 24, 2018, which Berger did not oppose. (*Id.*) Notwithstanding the filing of the initial petition to sell, the Authority provided Berger with a second notice of the impoundment of his vehicle and filed a second petition for permission to sell the vehicle with common pleas on March 25, 2019, which Berger did not contest. (*Id.*) Common pleas granted the second petition, at which time Berger sought an administrative hearing, known as a Bail Appeal Hearing, before the BAA. (*Id.*)

The BAA held a hearing before a Hearings Examiner on March 29, 2019. The notice for the Bail Appeal Hearing, which advises the participants of their rights, states "[a]t this BAIL APPEAL the tickets will not be addressed, only the amount necessary to release your vehicle." (O.R. at 12.) However, Berger was also provided a more general notice regarding administrative appeals before the BAA, which included the right to contest the parking violations and that the City bore the "burden of establishing the violation." (*Id.* at 11.) Neither notice specifically indicated that Berger could challenge the validity of the towing and impounding of the vehicle. (*Id.* at 11-12.) Berger appeared and signed the above notices. (*Id.*)

During the hearing, Berger argued he was disputing the four parking tickets because the "finding of liab[ility] was erroneous." (*Id.* at 31-32.) The Hearing

3

Examiner advised that the only issue was the amount of the bail to release the vehicle per the one pre-hearing notice, and that the notice authorizing review of tickets related only to open tickets, and Berger had "no open tickets." (*Id.* at 34-35.) The Hearing Examiner stated that Berger could not dispute the validity of the tickets at that time, but he "should have filed [an] appeal" from the determination that found him liable, and had "failed to do so." (*Id.* at 32, 34, 36.) Berger argued that notwithstanding the online testimony he gave on the tickets, he had not been "heard" because there was a lengthy delay between his challenge to the first ticket and the BAA's determination denying his challenge to the tickets, and, therefore, he was due an administrative hearing, as set forth in the general notice provided to him. (*Id.* at 32-34, 36.) The Hearing Examiner, supported by a BAA supervisor, reiterated that Berger's liability had been established because he had not appealed that determination, and, therefore, his liability was not subject to review at the "Expedited Hearing" being held. (*Id.* at 33-35.) Berger asked where on the notices he received did it refer to his hearing as being "expedited." (*Id.* at 34.) At no point did the Hearing Examiner indicate that Berger could challenge the validity of the vehicle's towing or impoundment or provide an opportunity to argue anything after he stated he wanted to challenge the tickets. Instead, the Hearing Examiner rejected Berger's arguments as to the tickets themselves, indicated what Berger would have to pay to recover his vehicle from impoundment, and advised that no more hearings would be held. (*Id.*) The Authority moved forward with its intent to sell the vehicle at auction, and Berger filed, on April 9, 2019, a motion to intervene and to stay the sale. (Common Pleas' Op. at 2.) Common pleas granted the motion to intervene but denied the stay.

4

### B. Proceedings Before Common Pleas

Berger filed the appeal presently under review on April 9, 2019, along with an emergency motion to stay the auction. (*Id.* at 2-3.) The stay was denied, Berger's interest in the vehicle was extinguished, and the vehicle was sold at auction on April 11, 2019.[2] (*Id.*)

Common pleas scheduled argument on Berger's appeal for November 4, 2019. (O.R. at 22.) The BAA filed its certified record on August 2, 2019. On August 16, 2019, Berger filed a "Motion for Summary Disposition Dismissing Violations for Failing to Comply with 2 Pa.C.S. § 555; Motion to Strike Entry of Appearances Filed on July 11, 2019" (Motion to Dismiss), and the BAA filed a Motion to Quash and Answer to Berger's Motion to Dismiss on September 4, 2019. (*Id.* at 45-52, 63-72, 79-80, 87-91.) Berger filed an answer to the Motion to Quash and a Cross-Motion for Sanctions. (*Id.* at 119-26.) Common pleas denied the Motion to Dismiss on October 3, 2019. (*Id.* at 158.) Berger filed a "Supplemental Motion for Extraordinary Relief," seeking summary disposition of his appeal, the recusal of the common pleas' judge hearing that appeal, and the striking of opposing counsel from that matter. (*Id.* at 166-81.) Berger also filed a Petition for Relief, seeking, among other relief, to strike or open the judgments in the August 2018 and March 2019 BAA determinations, and seeking the recusal of the judge hearing the case, on October 24, 2019 (Petition to Open). (*Id.* at 193-207.)

On November 14, 2019, Berger and an attorney for the City appeared before common pleas and provided argument on Berger's April 9, 2019 appeal. Berger

---

[2] That same day Berger filed a complaint in federal court, challenging the constitutionality of Pennsylvania's and the City's parking enforcement process. *Berger v. Phila. Parking Auth.*, 413 F. Supp. 3d 412 (E.D. Pa. 2019). After an initial dismissal of Berger's complaint without prejudice and his filing of an amended complaint, again asserting constitutional challenges, the United States District Court for the Eastern District of Pennsylvania (District Court) dismissed Berger's federal complaint with prejudice. *Id.*

renewed his objection, previously set forth in motions, to that attorney's appearance, asserting that notwithstanding that the attorney stated he was there on behalf of the City, he was counsel for the Authority, which was not a party and its attorney should not be allowed to participate in Berger's appeal. Common pleas overruled the objection. (Trial Transcript (Tr.), November 14, 2019, at 3-8.) Berger repeatedly tried to argue the Petition to Open, but common pleas advised that the argument was on his April 9, 2019 appeal. (*Id.* at 8-12.) Berger asserted that the record for his appeal was not complete because the appeal was about the underlying parking tickets. (*Id.* at 12-13.) Common pleas responded that the April 9, 2019 appeal was from the BAA's Decision relating to whether Berger's vehicle should be returned without charge, and it had received a certified record from the BAA on August 2, 2019. (*Id.* at 14-17.)

Berger asserted that common pleas was not taking his appeal seriously, based on a statement Berger claimed common pleas made off the record previously, and common pleas responded that the statement was about Berger's attitude and that the court had also indicated that it wanted to give Berger an opportunity to argue his position. (*Id.* at 19-21.) Throughout argument, common pleas noted for the record that Berger was speaking loudly and excitedly. Common pleas further observed that Berger spoke over others, including the court. Ultimately, common pleas directed Berger to lower his voice and stop speaking over others. (*See generally id.*)

Berger argued that the BAA erred in saying that the case regarding his liability for the parking tickets was closed because "the issue of the underlying tickets [was] still ripe for review," had never been "fully adjudicated," and that the parking tickets were invalid for various reasons. (*Id.* at 21, 24-25, 37-38, 40-41.) He argued the decision denying his appeal of the parking tickets was insufficient and that his web

6

testimony was not in the record. (*Id.* at 25-26, 39.) Berger further argued that the BAA Hearing Examiner erred in stating at the hearing that the only issue was the amount of bail that had to be posted because Section 12-2406 of the Philadelphia Code, Phila. Code § 12-2406, sets forth other issues relating to the towing and impounding of the vehicle. Those issues included whether there was reasonable cause to believe that the vehicle impounded was in violation of the law at the time of the towing or impounding, which Berger argued the vehicle was not, and that the towing was in accordance with the law. (*Id.* at 31-32, 34-36.) He also challenged the adequacy of the notices provided for the Bail Appeal Hearing, which did not outline these topics as being at issue and also indicated that he could challenge the underlying tickets. (*Id.* at 33-34, 51-53.)

The City argued that Berger sought to challenge the validity of the underlying tickets before the BAA at the Bail Appeal Hearing, but because he did not appeal the finding of liability, that issue could not be revisited. (*Id.* at 21-24.) It asserted that Berger received a Notice of Decision regarding the tickets and did nothing even though that decision included notice that he had the right to appeal. (*Id.* at 46.) Had Berger appealed that decision, the City asserted, the issues regarding the underlying tickets and the decision related thereto could have been resolved, but he did not and that decision became final. (*Id.* at 46-47.) According to the City, Berger was aware of the rules and the process applicable, as reflected in Berger's arguments to common pleas, but ignored the rules and the processes and did not raise those issues during the Bail Appeal Hearing. (*Id.* at 48.)

By Orders dated November 14, 2019, common pleas denied the BAA's motion to quash, denied Berger's appeal, and denied Berger's recusal request. (O.R. at 231-33.) Common pleas subsequently denied Berger's Petition to Open the

BAA's Decision on December 10, 2019. (*Id.* at 234.) Berger appealed the October 3, 2019, November 14, 2019, and December 10, 2019 Orders.[3] Common pleas directed Berger to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (Statement), which Berger did. (*Id.* at 292, 294-96.)

Common pleas issued an opinion pursuant to Pa.R.A.P. 1925(a), addressing the issues Berger raised in his Statement. (*Id.* at 356-65.) Berger asserted that his due process rights were violated because: he did not get a fair hearing where the agency did not retain the evidence, the Hearing Examiner did not refer to the City's Law Department on legal issues, and the Authority's counsel represented the City in violation of the City's Home Rule Charter. Berger further argued his fundamental constitutional rights, including his due process rights, were violated in numerous ways, including by not receiving a fair hearing and because his vehicle was sold at auction and he was charged with storage and towing fees notwithstanding that he had appropriately disputed the parking tickets. Finally, Berger asserted that common pleas violated his due process rights by having him removed from the courtroom and by not issuing a decision that contained findings of fact.

Common pleas concluded Berger's due process arguments were without merit, noting that the United States District Court for the Eastern District of Pennsylvania (District Court) dismissed similar arguments in Berger's federal action.[4] *Berger v. Phila. Parking Auth.*, 413 F. Supp. 3d 412 (E.D. Pa. 2019). Common pleas explained that intrusions on an individual's rights must be balanced

---

[3] Although Berger appealed three orders, his arguments to this Court relate to common pleas' denial of his appeal.

[4] Common pleas also asserted Berger's appeal from the October 3, 2024 Order denying the Motion to Dismiss was untimely. However, because that order was not final, it could not be appealed until a final order was entered in the matter.

8

against a state actor's promotion of a legitimate state interest and that the towing, impoundment, and subsequent sale of a vehicle for non-payment of fines is constitutional as it deters drivers from committing parking and traffic infractions and induces the payment of penalties when incurred. (Common Pleas' Op. at 6 (citing *Delaware v. Prouse*, 440 U.S. 648, 654 (1979), and *Tate v. District of Columbia*, 627 F.3d 904 (D.C. Cir. 2010), *cert. denied*, 563 U.S. 980 (2011)).) Where post-deprivation remedies are available, i.e., notice and a meaningful opportunity to be heard, pre-deprivation process is not required for booting and towing a vehicle. (*Id.* at 6-7 (citing *Oberhausen v. Louisville-Jefferson Cnty. Metro. Gov't*, 527 F. Supp. 2d 713, 721-23 (W.D. Ky. 2007)).)

Based on this, common pleas concluded that Berger's due process rights were not violated because he had notice and an opportunity to be heard on the parking tickets themselves, but did not appeal the liability determination, making it final for purposes of challenge, and did not pay the fines. Common pleas observed that Berger had other opportunities to appeal determinations about the vehicle, but it was not until the vehicle was scheduled to be sold for the second time that he appealed, seeking to challenge the validity of the liability determination (despite signing a notice indicating that the tickets would not be addressed). (*Id.* at 7-8.) In short, as the District Court held, "[d]ue process does not mean [Berger] gets to choose when and to whom he can appeal." (*Id.* at 8 (quoting *Berger*, 413 F. Supp. 3d at 419).)

In response to Berger's contentions that common pleas violated his rights by having him removed from the courtroom and not issuing a decision containing findings of fact, common pleas posited no violation occurred. Common pleas disputed that Berger was removed from the courtroom, citing the transcript from the oral argument. According to common pleas, while it warned Berger several times

9

to stop interrupting others, Berger was given over an hour to argue his position and Berger concluded his argument with "[t]hat's all." (*Id.* (quoting Tr. at 58).) Finally, common pleas observed that its opinion is an appellate one reviewing the BAA's determination, and, therefore, no findings of fact were necessary.[5] (*Id.* at 9.)

## II. DISCUSSION

### A. Parties' Arguments

On appeal, Berger argues[6] common pleas erred in affirming the BAA's Decision because it was not made in accordance with the law, was not supported by substantial evidence, and was made without Berger having reasonable notice and an opportunity to be heard on the relevant issues.[7] Berger's three arguments are predicated on his position that the towing and impounding of the vehicle was improper because the vehicle was not illegally parked on the day it was towed, which should have been the issue before the Hearing Examiner but was not, leaving him

---

[5] Although common pleas cited Section 704 of the Administrative Agency Law, this section relates to judicial review of a Commonwealth agency's decision. Section 754 of the Local Agency Law, 2 Pa.C.S. § 754, governs judicial review of local agency decisions.

[6] By Order dated December 2, 2025, this Court directed Berger to "be prepared to address where in the Original Record from [common pleas] each argument made before this Court was initially raised." (Order, 12/2/2025.)

That Order also directed Berger's "Supplement/Amendment to Application to Withdraw and Strike" (Application), in which he sought to have certain disputed facts "settle[d]," to be addressed with the merits. (Application at 3-5.) The asserted disputed facts are whether the BAA hearing was held on March 29, 2019, or on both March 28 and 29, 2019, and whether he filed a timely appeal from the March 29, 2019 BAA decision. (*Id.* at 3-4 (citing BAA's Brief (Br.) at 6).) The Original Record here reflects a hearing transcript only for March 29, 2019, and that is the date common pleas referenced in its opinion as when Berger's administrative hearing occurred. (O.R. at 31-36.) The Original Record, including the docket and appeal, indicate that the April 9, 2019 appeal was filed from the March 29, 2019 decision. (*Id.* at 2, 7-8.) Thus, the Application is granted to this extent.

[7] Berger indicates that his brief and argument are "[p]artial/[i]nterim" because he is only presenting arguments in opposition to common pleas' Order dated November 14, 2019, that denied his appeal. (Berger's Br. at 3.)

10

without the ability to raise these arguments in the first instance in violation of his due process rights.

Berger argues that pursuant to Section 12-2406(1)(a) of the Philadelphia Code, he was authorized to demand an expedited hearing on "whether reasonable cause existed to believe that the vehicle immobilized or impounded was in violation of the traffic ordinances and laws of the City . . . or of . . . Pennsylvania, and that the towing or booting of such vehicle was authorized by law." (Berger's Brief (Br.) at 17 (emphasis omitted) (quoting Phila. Code § 12-2406(1)(a)).) Berger asserts the Hearing Examiner did not determine whether these two requirements were met, or let him argue that issue, before denying him relief and, therefore, the determination was contrary to law and a violation of due process. According to Berger, because there was no violation of any ordinance or law **on the day** the vehicle was towed, there was no reasonable cause for it to be towed, and the vehicle should have been released without charge under Section 12-2406 of the Philadelphia Code. Berger further argues the BAA's Decision violates Section 6101(a) of the Vehicle Code, 75 Pa.C.S. § 6101(a) (prohibiting local authorities from enacting or enforcing ordinances on matters covered by the Vehicle Code unless expressly authorized). Acknowledging that the City could establish ordinances that govern the removal or impoundment of vehicles parked in violation of laws, Berger argues nothing in the Vehicle Code authorizes the City to enact an ordinance to impound a vehicle that was "not in violation of the laws, but simply because they have unpaid parking tickets." (Berger's Br. at 22-23 (emphasis omitted) (citing Sections 3353, 6309.1, 6309.2 of the Vehicle Code, 75 Pa.C.S. §§ 3353, 6309.1, 6309.2).) Berger finally argues the Vehicle Code provides a process for enforcing the payment of unpaid parking tickets in Section 1379, 75 Pa.C.S. § 1379, that does not involve towing and

11

impoundment but the suspension of the owner's registration subject to pre-deprivation review.  (Berger's Br. at 24-25.)

Berger also argues the BAA's Decision should have been reversed because "the substantial evidence [should] have compelled the opposite result where the certified [record] foreclosed the possibility of a finding that Berger's vehicle was parked illegally on 12/7/2018 or 12/8/2018."  (*Id.* at 26.)  For this reason, Berger argues he was entitled to a finding that the towing of the vehicle was unauthorized by law and the return of the vehicle without charge.

Berger finally argues, even if the City was ultimately entitled to take the vehicle, common pleas must be reversed under Pennsylvania Supreme Court precedent, including *Washington v. Department of Corrections*, 306 A.3d 263 (Pa. 2023), and *Bundy v. Wetzel*, 184 A.3d 551 (Pa. 2018), because the taking occurred without due process.  Berger argues the BAA has "eradicated" the hearing process by not providing notices advising an appellant of the two inquiries relevant to Section 12-2406(1)(a) and by providing notices that mislead individuals as to what relief is available at a Bail Appeal Hearing.  (Berger's Br. at 30-32.)  Berger claims his own appeal of the BAA's March 2019 Decision was "inadvertent[]" because he intended to appeal the liability determination and it ended up preserving a challenge to the bail hearing decision.  (*Id.* at 33-34.)  Berger further asserts his due process rights were violated by the Hearing Examiner during the Bail Appeal Hearing, who did not advise him of the issue to be determined, i.e., the inquiries relevant to a determination under Section 12-2406(1)(a), and misled him into believing only the amount of payment was at issue.  (*Id.* at 34-35.)

Berger maintains that common pleas erroneously dismissed his argument regarding the lack of due process by relying on the fact that Berger is an attorney

and is presumed to know the law because it is the agency's obligation to provide notice and an opportunity to be heard and a constitutional right must be knowingly and voluntarily waived, which the lack of notice precluded here. (*Id.* at 36, 38-41.) Because his due process rights were violated, the BAA's Decision is void ab initio, (*id.* at 44-45 (citing *In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 631-32 (Pa. Cmwlth. 2021))), and, therefore, Berger asserts, common pleas' Order must be reversed and the BAA enjoined from engaging in future constitutional violations.

In addition to adopting common pleas' reasoning, the BAA argues that Berger cannot meet his burden of proof under Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b), to warrant reversal of common pleas' Order upholding the BAA's March 29, 2019 Decision. The BAA asserts that its Decision is supported by substantial evidence, not contrary to law, and did not violate Berger's constitutional rights. According to the BAA, Berger was not denied due process, noting that the City has parking regulations, which include provisions regarding notice of the violation, the right to challenge the citation, and the fines and fees associated with the violation, the enforcement of which are delegated to the Authority. Phila. Code §§ 12-2805–12-2809. The BAA argues that Berger challenged the parking tickets, obtained a decision on August 29, 2018, finding him liable for those tickets, and did nothing—he neither appealed nor paid the tickets. When the tickets became delinquent, the Authority towed and impounded the vehicle consistent with Section 12-2405(1)(c.1) of the Philadelphia Code, Phila. Code § 12-2405(1)(c.1), and it notified Berger how he could obtain the release of the vehicle, including requesting a Bail Appeal Hearing, and that he had 15 days to seek release or the vehicle could be sold. The impounding of a vehicle for non-payment of

13

citations is constitutional, the BAA argues, and its enforcement proceedings have been upheld against constitutional challenge in, among other cases, *Jung v. City of Philadelphia*, No. 25-956, 2025 WL 1797247, at *31 (E.D. Pa. June 30, 2025), and *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060 (Pa. Cmwlth. 2010). It further points to the District Court's rejection of Berger's due process arguments arising out of the same facts as support for common pleas' Order affirming the March 29, 2019 Decision. The BAA maintains that Berger's arguments are disingenuous given that it was his failure to use the appeal processes provided that resulted in the sale of his vehicle.

### B. Analysis

Under Section 754(b) of the Local Agency Law, where common pleas "does not take any additional evidence, our scope of review over the decision of a local agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." *Kovler*, 6 A.3d at 1062 n.1. Here, common pleas determined that the BAA's Decision withstood appellate review under this standard and did not violate Berger's due process rights. Upon review, we agree in part and disagree in part with common pleas' determination.

Berger's due process arguments focus on the proceedings before the BAA on March 29, 2019, and the finding that he was liable for the parking tickets. We begin with the latter argument. Berger challenges, generally, the determination that he was liable for the four parking tickets, citing issues with the August 29, 2018 determination itself, the lack of maintaining evidence of the online testimony he

14

provided to challenge the tickets, and being precluded from challenging that determination at the Bail Appeal Hearing on March 29, 2019.

Due process requires notice and a meaningful opportunity to be heard. *Smith v. City of Philadelphia*, 147 A.3d 25, 32 (Pa. Cmwlth. 2016). These requirements are mirrored in Section 553 of the Local Agency Law, which provides: "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553. Where adequate post-deprivation remedies are available, i.e., notice and a meaningful opportunity to be heard, pre-deprivation process is not required for booting and towing a vehicle. *Oberhausen*, 527 F. Supp. 2d at 721-23.[8] However, absent due process, an order or government action relating to the taking of property is void ab initio. *Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d at 634-35; *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988) (reversing a judgment authorizing the sale of property due to a violation of due process, including a lack of notice "in a meaningful manner that would have given [the owner] an opportunity to be heard").

The City's process for adjudicating parking tickets includes notice of the ticket, the opportunity to challenge the ticket before a hearing examiner, and the ability to appeal an adverse determination first to the BAA and then to the courts. Phila. Code §§ 12-2805 (notice of parking violation), 12-2806 (answer to the parking violation, including a denial and request of an in-person or online hearing), 12-2807 (providing for an adjudication by a parking hearing examiner), 12-2808 (providing for appeal to the BAA within 30 days of the parking hearing examiner's decision);

---

[8] Lower federal court decisions "have only persuasive, not binding, effect on the courts of this Commonwealth—although we certainly are bound by the decisions of the U.S. Supreme Court on questions of federal law." *In re Stevenson*, 40 A.3d 1212, 1221 (Pa. 2012).

Sections 751-754 of the Local Agency Law, 2 Pa.C.S. §§ 751-754. Section 12-2808(5) expressly states that the parking hearing examiner's decision "shall be the final order" if no appeal is filed to the BAA and that "[i]f payment is not made within thirty (30) days after entry of a final order determining liability for a parking violation and fixing fines, costs and additional fees for such violation, such fines, costs and additional fees shall be considered a debt due and owing the City." Phila. Code § 12-2808(5). This Court has held that the Authority's procedures for adjudicating parking tickets comports with due process. *Kovler*, 6 A.3d at 1062-63.

Berger received notice of the parking tickets, the opportunity to challenge those tickets using the process set forth in the Philadelphia Code, and notice of his ability to appeal the August 29, 2018 determination and raise **any** issues he believed required reversal of that determination. However, as is apparent from the record, and as recognized by common pleas and the District Court in *Berger*, Berger **did not appeal** the August 29, 2018 determination. Berger does not dispute this. Having not been appealed, the August 29, 2018 determination became the **final** decision on the tickets and Berger's liability for those tickets. Phila. Code § 12-2808(5). In short, Berger received the process he was due on the parking tickets, he did not take advantage of that process, and, as such, he waived any arguments related **to that determination**. Therefore, we agree with common pleas that the BAA did not err or violate Berger's due process rights in finding that Berger could no longer challenge the validity of the parking tickets and his liability for those tickets, and common pleas' Order is affirmed to that extent.

However, Berger also asserts his due process rights were violated at the March 29, 2019 hearing on the towing and impoundment of the vehicle based on the lack of notice of the issues relevant to that hearing and the Hearing Examiner's failure to

16

advise him of those issues so that Berger could address them before denying him relief. Per Section 12-2406(1)(a) of the Philadelphia Code, "[t]he issue to be determined at such hearing" is "whether reasonable cause existed to believe that the vehicle immobilized or impounded was [(1)] in violation of the traffic ordinances and laws of the City . . . or of the Commonwealth . . . , and [(2)] that the towing or booting of such vehicle was authorized by law." Phila. Code § 12-2406(1)(a). If the hearing examiner finds that there was no reasonable cause, "the owner shall be entitled to immediate release and return of the vehicle without the payment of any booting or towing fee or storage charges." Phila. Code § 12-2406(1)(a)(.2).

Berger was provided two notices prior to the Bail Appeal Hearing. The first, entitled "Statement of Rights and Responsibilities," states:

> In accordance with Chapter 12-2800 of the Philadelphia Code . . . and the [BAA] Regulations . . . , you have been granted an Administrative Hearing for the adjudication of one or more parking violations. The hearing will be conducted by a BAA Hearing Examiner. The hearing will be informal and rules regarding the admissibility of evidence shall not be strictly applied. The Hearing Examiner will make his/her decision based on the evidence and testimony presented.

(O.R. at 11.) This notice advised, among other things, that the City bore the burden of establishing the violation, the individual could "contest either the violation itself or any of the late penalties" and "obtain the dismissal of a ticket that properly sets forth a violation by demonstrating, by a preponderance of the evidence, that the violation did not occur." (*Id.*) It also sets forth the appeal rights from the hearing examiner's determination, including to the BAA and common pleas. (*Id.*) Berger signed this notice prior to the Bail Appeal Hearing.

The second notice Berger received advised that the recipient's "vehicle ha[d] been booted or towed," that if the recipient "receive[d] an order requiring you to pay

17

a specific amount toward the tickets and an additional amount in fees," the individual had two options to obtain the return of the vehicle. (*Id.* at 12.) Those two options were to pay those amounts or file a Bail Appeal, at which "the tickets w[ould] not be addressed, only the amount necessary to release [the] vehicle. Any evidence relevant to [the] ability to pay the required amount should be presented at this time." (*Id.*) Finally, it advised that the BAA could not change the amount due until after the Bail Appeal had taken place, and that storage charges accrued each day the vehicle remained impounded. (*Id.*) Berger also signed this notice prior to attending the Bail Appeal Hearing.

For a notice to be sufficient for due process purposes it must provide "adequate information with which to prepare a defense." *Gombach v. Dep't of State, Bureau of Comm'ns, Elections & Legis.*, 692 A.2d 1127, 1130 (Pa. Cmwlth. 1997). Reviewing the notices at issue here, they are inconsistent with each other and create confusion as to what the subject of the hearing would be. The first notice expressly advises that the recipient could "contest . . . the violation itself," while the second states that the ticket, the violation, "w[ould] not be addressed." (O.R. at 11-12.) More concerningly, neither notice references Section 12-2406(1)(a) itself, which relates to the "immobilization" and "impounding" of vehicles, let alone the two inquiries relevant to a hearing examiner's determination of whether a vehicle that had been towed and impounded should be released without charge. (*Id.*) Without this information, these notices did not adequately advise a person challenging the towing and impoundment of their vehicle of the relevant issues that would be decided at the hearing in order for them to prepare a defense.

Although the BAA Hearing Examiner tried to clarify the two notices during the hearing, stating that review of the ticket was possible if the ticket was "open,"

18

but that Berger had no open tickets due to his failure to appeal the August 29, 2018 determination thereby establishing his liability for those tickets, (*id.* at 31-34), this did not eradicate the confusion and lack of notice created by the dual notices. More importantly, at **no point** did the Hearing Examiner reference Section 12-2406(1)(a) or the issues that are to be addressed in an appeal of the towing and impounding of a vehicle under the Philadelphia Code. The BAA argues, and common pleas reasoned, that Berger should have been (or was actually) aware of what the issues at the hearing would be because everyone is presumed to know the law, particularly Berger because he is a licensed attorney. (*See* Common Pleas' Op. at 2; BAA's Br. at 11.) However, our Supreme Court rejected a similar argument, that a statute set forth the applicable information and everyone is presumed to know the law, in *Washington*, 306 A.3d at 293-95. Therefore, contrary to common pleas' conclusion, the BAA violated Berger's due process right to adequate notice of the issues relevant to the March 29, 2019 hearing, which deprived him of the opportunity to assert a defense, based on Section 12-2406(1)(a) of the Philadelphia Code, as to why the vehicle should not have been towed and impounded. Accordingly, we vacate common pleas' Order and remand this matter for new proceedings before the BAA on whether the towing and impounding of the vehicle met the requirements of Section 12-2406(1)(a).

## III. CONCLUSION

For the foregoing reasons, we affirm common pleas' Order in part, vacate that Order in part, and remand for new proceedings before the BAA consistent with the foregoing opinion.

_____
RENÉE COHN JUBELIRER, President Judge

19

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel A. Berger,                    :
                    Appellant        :
                                     :
          v.                         :      No. 1836 C.D. 2019
                                     :
City of Philadelphia Bureau of       :
Administrative Adjudication          :

# O R D E R

**NOW**, April 30, 2026, the November 14, 2019 Order of the Court of Common Pleas of Philadelphia denying Daniel A. Berger's appeal from a decision of the City of Philadelphia Bureau of Administrative Adjudication, entered in the above-captioned matter, is **AFFIRMED IN PART** and **VACATED IN PART**, and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion. Additionally, Berger's "Supplement/Amendment to Application to Withdraw and Strike" is **GRANTED** in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
RENÉE COHN JUBELIRER, President Judge